```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Randal C. Fritz**

    **v.**                                                  Case No. 06-cv-469-PB

**Kenneth Brown and**
**Katharine Daly**


**O R D E R**

Randal Fritz moves to strike numerous documents attached to defendants' motion to dismiss (Doc. No. 9) his First Amendment retaliation claims. He argues that the documents he seeks to strike are extrinsic to the pleadings and thus improper for consideration on a Rule 12(b)(6) motion to dismiss. Pl.'s Motion to Strike (Doc. No. 10). The documents he seeks to strike include pleadings and attachments from a related prior action, Civil No. 06-cv-191-PB, a Notice of Contemplation of Dismissal and its attachments, a Notice of Termination, portions of arguments in defendants' memorandum in support of their motion to dismiss, Fritz's Notice of Withdrawal of a state whistle-blower

complaint, and an opinion issued by the Merit Systems Protection Board.  Id.

In ruling on a Rule 12(b)(6) motion to dismiss, I must consider the complaint, documents annexed to it, and other materials fairly incorporated within it.  Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 12 (1st Cir. 2004).  Additionally, I may consider matters that are susceptible to judicial notice.  Id.  This includes matters of public record such as documents from prior court proceedings, Boaten v. InterAmerican Univ., Inc, 210 F.3d 56, 60 (1st Cir. 2000), and the "entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint."  Clorox Co. P.R. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 32 (1st Cir. 2000); see also Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993) (explaining that the main problem of looking to documents outside the complaint – lack of notice to the plaintiff – is dissipated "[w]here plaintiff has actual notice . . . and has relied upon these documents in framing the complaint").  I may consider such extra pleading materials without converting a motion to dismiss to one for summary judgment.  Id.

Fritz's claims in this case are inextricably intertwined with his termination.  In his complaint, Fritz repeatedly cites to, and purports to quote from, the Notice of Contemplation of Dismissal and Notice of Termination.  Accordingly, I conclude that the entirety of each of these documents, including their attachments, is integral to and fairly incorporated into the complaint.  Furthermore, Fritz's withdrawal of his whistle-blower complaint and the opinion by the Merit Systems Protection Board are both public documents of which this court may properly take judicial notice.  See In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003).  As to defendants' memorandum, Fritz does nothing more than object to defendants' arguments.  While these objections are noted, the proposed remedy of striking such contents is unwarranted.

For the foregoing reasons, Fritz's motion to strike (Doc. No. 10) is denied.

SO ORDERED.

>                          /s/Paul Barbadoro
>                          Paul Barbadoro
>                          United States District Judge

August 29, 2007

cc:  Pierre Rumpf, Esq.
     Paula Werme, Esq.
     Nancy J. Smith, Esq.