UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Randal C. Fritz

   v.                                            Civil No. 06-cv-469-PB

Kenneth Brown
Katharine Daly

**O R D E R**

Defense counsel, <u>on behalf of the defendants</u>, have moved to quash "pursuant to Federal Rule of Civil Procedure 45(c)" three subpoenas <u>duces</u> <u>tecum</u>; one directed to the Attorney General; one directed to the New Hampshire Human Rights Commission; and one directed to Donald S. Hill, Commissioner of the New Hampshire Department of Administrative Services.

<u>Discussion</u>

Lawyers familiar with the Federal Rules of Civil Procedure should know that:

> (w)hen a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by the nonparty. In particular, a party to the action does not have standing to assert any rights of the nonparty as a basis for a motion to quash or modify a subpoena.

9 James Wm. Moore, et al. <u>Moore's Federal Practice</u>, §45.50[3] (3d ed. 2007).  The only exception is when the party claims a

personal right or privilege regarding documents sought by subpoena.  Id.  While in this case it would have been the Attorney General's Office's responsibility to move to quash on behalf of each of the state subjects of the subpoenas, that is not what she did.

The Attorney General's Office must be held to the same standard of practice as other members of the federal bar.  The clients of the Attorney General's Office must bear the results of mistakes made by it.  The recipients of the subpoenas have neither timely objected nor moved to quash.  Fed. R. Civ. P. 45(c)(2)(B) and (C)(3)(iii).  It is too late to do so now.  Defendants have no standing to move to quash on behalf of the non-party recipients of the subpoenas.  There may be some documents sought as to which the parties are entitled to claim privilege or work product protection.  If so, as to those documents, defense counsel is to provide the privilege log required by the rule within five (5) business days.  In all other

respects the motions to quash (document nos. 29, 30 and 31) are denied.

    **SO ORDERED.**

                              /s/ James R. Muirhead
                              James R. Muirhead
                              United States Magistrate Judge

Date: January 18, 2008

cc:   Pierre C. Rumpf, Esq.
      Paula J. Werme, Esq.
      Nancy J. Smith, Esq.