**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Randal C. Fritz</u>

   **v.**                                       Case No. 06-cv-469-PB

<u>Kenneth C. Brown and
Katherine A. Daly</u>

### **O R D E R**

Plaintiff Randal Fritz issued subpoenas to various state agencies. The New Hampshire Attorney General's Office filed timely motions to quash the subpoenas but incorrectly filed the motions on behalf of the individual defendants, Kenneth Brown and Katherine Daly, rather than the agencies that were named in the subpoenas. The Magistrate Judge denied the motions to quash because he concluded that the defendants did not have standing to challenge the subpoenas. The Attorney General's office, acting on behalf of both the defendants and the State of New Hampshire, has objected to the Magistrate Judge's order.

Although the Magistrate Judge correctly notes that a party ordinarily lacks standing to quash a non-party subpoena, I

disagree with his conclusion that the motions should be denied on this basis.  This is an unusual case.  The plaintiff has sued both defendants in their individual capacities for actions that they allegedly took while acting under color of state law.  The Attorney General's Office represents both the defendants and the subpoenaed agencies.  Moreover, the Attorney General has the power to assert privileges that belong to the state, and it is clear from the motions that her representative was intending to assert such privileges in this case.  Under these circumstances, it was clearly erroneous to deny the motions simply because they were nominally filed only on behalf of the individual defendants.

    The Magistrate Judge's order denying the motions to quash is vacated and the motions to quash are granted to the extent that they are consistent with this order.  Within 30 days of the issuance of this order, the state  shall produce all responsive documents that are relevant to any claim or defense and that are not subject to a valid privilege claim.  At the same time, it shall produce a document-specific privilege log of any withheld documents.  The parties shall meet, confer, and attempt to resolve any disputes that remain concerning the documents listed

on the privilege log.  Any remaining disputes can be presented to the court in a motion to compel.

   SO ORDERED.

                                     /s/Paul Barbadoro
                                     Paul Barbadoro
                                     United States District Judge

February 14, 2008

cc:  Pierre C. Rumpf, Esq.
     Paula J. Werne, Esq.
     Nancy J. Smith, Esq.