**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Randal Fritz

    v.                                    Civil No. 06-cv-469-PB

Kenneth Brown and
Katharine Daly

**O R D E R**

Plaintiff moves to compel compliance with subpoenas dated December 18, 2007 and December 19, 2007.  Defendants object.

Background

The subpoenas in question have previously been the subject of orders by me and by Judge Barbadoro.  The state moved to partially quash _on behalf of the defendants_, the three subpoenas issued on December 18 and 19.  Because the defendants lacked standing to move to quash, I denied the defendants' motion to quash.  Judge Barbadoro reversed on appeal, finding standing because of the unusual nature of the case and an implicit intention of the Attorney General to assert privilege on behalf of the appropriate persons or entities.  The motion to quash the three subpoenas was granted.  (Document no. 40).

Judge Barbadoro also issued the following discovery order:

> Within 30 days of the issuance of this order, the state shall produce all responsive documents that are relevant to any claim or defense and that are not subject to a valid privilege claim.  At the same time, it shall produce a document-specific privilege log of any withheld documents.  The parties shall meet, confer, and attempt to resolve any disputes that remain concerning the documents listed on the privilege log.  Any remaining disputes can be presented to the court in a motion to compel.

Document no. 40, pp. 2-3.

Plaintiff issued a fourth subpoena which was the subject of a hearing on February 21, 2008.  At that hearing, Judge Barbadoro quashed the fourth subpoena and instructed the parties on how they were to proceed with discovery:

1.   Counsel were ordered to sit down together face-to-face without clients and negotiate a discovery plan.

2.   Counsel were to work everything out and if they couldn't agree, they were to serve document requests, interrogatories and if necessary, third party subpoenas.

3.   Counsel were to collect all responsive documents and review them.

4.   Counsel were to then either produce all relevant documents or log them on a privilege work product log.

    5.   No fishing expeditions were to be conducted and discovery was to be kept to the narrow issues of the case, namely that the basis of plaintiff's firing was a pretense. Tr. 2/21/08, pp. 8-12.

    This was consistent with the order on the subpoenas considered in the February 14th order.

    Judge Barbadoro made it clear:

> Let's start again, okay.  Start again.  The subpoenas' wiped out.

Tr. 2/21/08, p.8.

## Discussion

    All four subpoenas were quashed.  They were wiped out. There are no existing subpoenas to enforce.  The motion is denied.  (Document no. 42).  The parties are ordered to comply with Judge Barbadoro's orders as set forth.  Unless and until those orders are complied with, no motions to compel may be filed.

    **SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: April 24, 2008
cc:  Pierre C. Rumpf, Esq.
    Paula J. Werme, Esq.
    Nancy J. Smith, Esq.