**UNITED STATES DISTRICT COURT FOR THE**
                          **DISTRICT OF NEW HAMPSHIRE**

<u>Randal C. Fritz</u>

   v.                                                    Civil No. 06-cv-469-PB

<u>Kenneth Brown</u>
<u>Katharine Daly</u>

## **O R D E R**

    Plaintiff moves to compel production of certain documents. Defendants object.

### **Background**

    This case is an outgrowth of a prior suit by plaintiff. Judge Barbadoro has made it clear in this case that "(t)he issue is, when they fired (plaintiff), did they do it because of the (prior) lawsuit, which I said would be improper, or did they do it because of his conduct before the lawsuit ..." (Transcript Dkt. 41, p. 11). He ordered defendants to produce what was relevant and ordered plaintiff to avoid discovery "fishing expeditions."

    Despite the fact that discovery closed on September 1, 2008, plaintiff waited until November 10, 2008, only fourteen days before a final pretrial, to file the motion to compel.

**Orders**

The document demands are considered in order.

1.  Salaam v. USNH claim file

A request under Fed. R. Civ. P. 34 for this file was not made during the discovery period although a letter request was made. Despite the fact that plaintiff, contrary to state law, copied this file and took it home, plaintiff now wants a copy produced to see if the original file is identical to the file he improperly copied and took out of the agency. First, he claims Ms. Daly denied the existence of two of the seven hundred plus pages which he copied. It is clear that the portion of Ms. Daly's deposition relied upon by plaintiff to establish that position does not support plaintiff's claim.

Second, the file was not the subject of a timely Rule 34 request.

Third, plaintiff has not identified what the potential exhibits are that are relevant and which he "is entitled to have ... Bates stamped ..." Calling the file demonstrative evidence is not a showing of relevance. In fact, plaintiff has not demonstrated the relevance of the file. The motion is denied as to the file.

2.   <u>Daly Annual Review</u>

Plaintiff wholly failed to demonstrate the relevance of the review.  The motion is denied as to it.

3.   <u>Mediation Surveys</u>

Apparently plaintiff's counsel didn't listen to Judge Barbadoro and has ignored Rule 26 since he has made no attempt to show the relevance of these surveys.  The motion is denied as to them.

4.   <u>Additional Comparable Writings</u>

Plaintiff has failed to provide any information which would permit me to determine (1) what he seeks, (2) that it has not been provided, and/or (3) that it is relevant.  The motion is denied as to "the writings."

The motion disregards the requirements of the Federal Rules and Judge Barbadoro's express requirements for discovery.  It is frivolous.  Defendants appear to be entitled to their fees under Fed. R. Civ. P. 37(a)(5)(B).  Defendants are ordered to provide a detailed statement of fees related to their objection to Plaintiff's counsel within ten (10) days.  Within ten (10) days thereafter, Plaintiff shall pay those fees or seek a hearing to show cause why they should not be assessed the fees.

The motion to compel (document no. 70) is denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: February 18, 2009

cc:   Pierre C. Rumpf, Esq.
      Paula J. Werme, Esq.
      Nancy J. Smith, Esq.