```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Randal Fritz**

   **v.**                                                Case No. 06-cv-469-PB

**Kenneth Brown and Katharine Daly**


### **O R D E R**

On June 17, 2009 I issued an oral order denying the defendants' motion for summary judgment. (Tr., Doc. No. 106; Mem. of Decision, Doc. No. 104).  The defendants now seek reconsideration of my decision under Federal Rule of Civil Procedure 59(e) or United States District Court for the District of New Hampshire Local Rule 7.2.

To obtain relief under Rule 59(e), "the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the . . . court committed a manifest error of law." Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006).  The defendants contend that I erred in two ways.  First, the defendants argue that the court should reconsider its determination of whether any alleged improper motive could be a substantial and motivating factor in the

defendants' decision to terminate Fritz because the court erred as a matter of fact and law in determining that the defendants could have recused themselves from the decision to terminate Fritz.  Second, the defendants argue that the court erred as a matter of law in denying qualified immunity by relying on cases taken from the political discrimination arena that are not factually similar to the current matter.  I address each argument in turn.

**A.    Recusal from the Decision-Making Process**

The defendants contend that the court erred as a matter of fact and law by asserting that they could have recused themselves from the decision to terminate Fritz because under state law, only the appointing authority can make the ultimate decision regarding hiring or firing an employee.  See N.H. Rev. Stat. Ann. §§ 21-I:42, 21-I:43; N.H. Code Admin. R. Ann., Per 102.07; Per 602 et seq.; Per 603 et seq.; Per 1002 et seq.  According to the defendants, because they were required to ultimately make the decision regarding Fritz's employment, their request for and reliance on the outside advice of Jennifer Patterson was functionally equivalent to having recused themselves from the decision-making process.  Thus, defendants contend that the court should reconsider its determination that any alleged improper

motive could have been a substantial or motivating cause of Fritz's termination.[1]

During the June 17 hearing, without the benefit of briefing on the issue, I expressed the opinion that the defendants could have recused themselves from the decision to terminate Fritz. (Tr. at 67). I, however, also concluded that whether the defendants could have recused themselves from the decision-making process was "irrelevant." (<u>Id.</u>). My ruling denying summary judgment was in no way based on my assessment of defendants' ability to recuse themselves from the decision-making process.

**B.   Qualified Immunity Cases**

The defendants next argue that the court erred as a matter of law in relying on cases taken from the political discrimination arena that are not factually similar to the

---

[1] Defendants also assert that the court should find that, even if Fritz could be said to have carried his burden of showing that the alleged improper motive was a substantial and motivating factor in his termination, the defendants have successfully rebutted that showing by establishing that Fritz would have been terminated anyway for legitimate reasons. I recognize that there is strong evidence in the record to support defendants' contention that they would have terminated Fritz for legitimate reasons regardless of whether Fritz had engaged in other protected conduct. Nevertheless, I rejected defendants' argument because a reasonable fact finder might conclude otherwise from the evidence in the record. I decline to reconsider this determination.

current matter.  The defendants contend that because the First Circuit's decisions in Wagner v. City of Holyoke, 404 F.3d 504 (1st Cir. 2005), and Philip v. Cronin, 537 F.3d 26 (1st Cir. 2008), are the closest factually analogous cases to the present case, their holdings should govern the court's decision.  The defendants assert that these cases stand for the proposition that the defendants are entitled to qualified immunity, despite evidence that the real reason for the discipline may have been protected conduct.[2]

I have considered the First Circuit's decisions in Wagner and Philip in reaching my conclusion in the present case.  As I noted when I ruled from the bench, however, these cases are difficult to reconcile with other First Circuit case law on the subject of qualified immunity.  (Tr. at 85-88).  The First Circuit has also held that where an officer's subjective motive is an essential element of the constitutional violation itself,

---

[2] The defendants also assert that the court's error in relying on cases in the political discrimination arena is magnified by recent Supreme Court and First Circuit qualified immunity case law which allows courts to consider whether an official could reasonably have believed their conduct lawful without first analyzing whether the facts alleged make out a constitutional violation.  Pearson v. Callahan, __ U.S. __, 129 S.Ct. 808 (2009); Maldonado v. Fontanes, 568 F.3d 263 (1st Cir. 2009).  This argument is simply wrong.  The cases defendants cite have no bearing on the issues raised by my ruling.

that motive cannot be divorced from the qualified immunity inquiry.  See Martinez-Velez v. Rey-Hernandez, 506 F.3d 32, 46 (1st Cir. 2007); Rivera-Torres v. Ortiz Velez, 341 F.3d 86, 96-97 (1st Cir. 2003).  In the present case, I determined that (1) the relevant law was clearly established, (2) plaintiff's speech related to a matter of public concern, and (3) genuine factual disputes existed as to whether defendants acted with an improper motive and whether they would have reached the same conclusion in the absence of Fritz's protected speech.  Under these circumstances, First Circuit precedent makes very clear that "the adoption of an objective standard for qualified immunity in Harlow did not foreclose all state of mind inquiries during the pre-trial consideration of qualified immunity when state of mind is an element of the constitutional tort."  Mihos v. Swift, 358 F.3d 91, 106 (1st Cir. 2004).  I decline to reconsider my ruling on this issue.

### **CONCLUSION**

For the foregoing reasons, I deny the defendants' motion for reconsideration. (Doc. No. 105).  Because the Hutchins Affidavit (Doc. No. 105-3) does not affect my decision to deny the defendants' motion for reconsideration, I deny the plaintiff's

motion to strike the Hutchins Affidavit as moot. (Doc. No. 108).

    SO ORDERED.

                                              /s/Paul Barbadoro  
                                              Paul Barbadoro  
                                              United States District Judge

July 28, 2009

cc:  Pierre Rumpf, Esq.  
     Paula Werme, Esq.  
     Nancy J. Smith, Esq.